## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

| | |
|---|---|
| WILLIAM L. McCOY | CIVIL ACTION NO. 3:15-cv-2408 |
|     LA. DOC #318333 | |
| VS. | SECTION P |
| | JUDGE ROBERT G. JAMES |
| SHERIFF'S DEPT. EAST | |
| CARROLL PARISH, ET AL. | MAGISTRATE JUDGE KAREN L. HAYES |

## REPORT AND RECOMMENDATION

Pro se complainant William L. McCoy, an inmate in the custody of the Louisiana Department of Corrections, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on September 23, 2015; plaintiff paid the full filing fee on December 14, 2015.  Plaintiff is currently incarcerated at the Morehouse Parish Detention Center. When he filed the complaint he was incarcerated at the Bossier Medium Security Facility (BMSF). He complains that he received inadequate medical care following a slip and fall accident at the Riverbend Detention Center (RDC) in November 2014. He identified two defendants in the caption of his complaint, namely the East Carroll Parish Sheriff's Dept., and the RDC. He prayed for an order directing that he "be seen by a specialist to have [his] injury properly diagnosed so that it can be corrected..." along with money damages for physical and mental pain and suffering, medical expenses, loss of enjoyment of life, permanent disability, loss of earning capacity, emotional distress and costs. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

### *Statement of the Case*

Plaintiff was a DOC inmate incarcerated at the RDC in November 2014. On some unspecified day he was in the process of standing after having been seated on the toilet; as he attempted to pull his underwear up, his crutch slipped due to water on the floor causing plaintiff to fall to the floor on the right side of his body causing pain in his lower back, pain in his right and left hip, shooting pains down his left leg, numbness in both feet, and muscle spasms in his mid to lower back.

Several corrections officers and inmates came to plaintiff's assistance and carried him in a sheet to the nurses station where he was initially examined by Nurse Lena Middleweather. She made arrangements to have plaintiff transported to a nearby hospital in East Carroll Parish where he was examined by a white male physician. The physician obtained a history from plaintiff and performed several tests involving "toe, leg and hip movements." He also checked plaintiff's hands and feet for numbness and had plaintiff attempt to bend his back. He listened to plaintiff's lungs and took x-rays of his lower back. At the conclusion of his examination the physician diagnosed plaintiff's condition as a "bruised lower back and hip muscles." He prescribed pain medication, muscle relaxers, and medication for inflammation. Plaintiff then returned to RDC.

Plaintiff continued to complain to the nursing staff at RDC that the medication provided no relief. He asked to be examined by another physician.  After making "numerous sick calls" he was transferred to the Elayn Hunt Corrections Center where he remained "for about a month or so" to receive treatment. He continued to complain and asked to see a specialist.

His "constant complaining and asking to see a specialist" prompted additional medication, and then, on January 20, 2015, he was transferred to the Bossier Parish Sheriff's

Office where he was enrolled in a Drug Treatment Program.  Upon his arrival he related his history to the nursing staff; he was examined and medication (muscle relaxers, pain medication, and anti-inflammatory drugs) was provided. He was also instructed to perform back strengthening exercises. His back brace and walking cane were taken and his repeated requests to see a specialist were ignored.

### *Law and Analysis*

### *1. Screening*

Plaintiff is a prisoner seeking redress from an officer or employee of a governmental entity; therefore his  complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam).  Section 1915A(b) provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

### *2. Medical Care*

Plaintiff is an inmate in the custody of the LDOC. He complains that the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment when they

refused to send him to a "specialist" for further diagnosis and treatment following his slip and fall in November 2014.

The constitutional right of a convicted prisoner to appropriate medical care is indeed based upon the Eighth Amendment's prohibition of cruel and unusual punishment.  In order to establish an actionable violation of the Eighth Amendment,  the prisoner plaintiff must allege facts tending to establish that the defendants were deliberately indifferent to his serious medical needs and safety.  *Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir.2001). A showing of deliberate indifference with regard to medical treatment requires the inmate to submit evidence that prison officials " 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.' " *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001) (citation omitted).

Plaintiff has made no such showing. By his own admission, he was examined by a nurse immediately after his accident; thereafter he was transported to a nearby hospital where he was examined by a physician who concluded that plaintiff sustained a bruised lower back and hip. He was provided medication for pain, muscle relaxers, and inflamation. When he continued to complain he was transported to Elayn Hunt Corrections Center where he remained "for about a month or so" to receive treatment. He continued to complain and asked to see a specialist.

His "constant complaining and asking to see a specialist" prompted additional medication, and then, on January 20, 2015, he was transferred to the Bossier Parish Sheriff's Office where he was enrolled in a Drug Treatment Program.  Upon his arrival he related his history to the nursing staff; he was examined and medication (muscle relaxers, pain medication,

and anti-inflammatory drugs) was provided. He was also instructed to perform back strengthening exercises.

It is manifestly obvious that plaintiff simply disagrees with the treatment decisions of the health care professionals who were responsible for his care and treatment.  Plaintiff admits, and the evidence supports, that he was examined by a physician shortly after his accident. That physician conducted standard diagnostic tests and concluded that plaintiff was suffering from a bruise. He prescribed various medications to relieve pain, swelling, and inflammation. Thereafter, he admits that he was examined by health care professionals at each subsequent place of confinement. Those professionals apparently agreed with the first physician's diagnosis and treatment regimen.

Plaintiff disagrees with the conclusions and treatment options offered by these professionals; however, his disagreement with the health care professionals' diagnosis or treatment choices falls far short of establishing deliberate indifference, since mere disagreement with medical diagnosis or treatment does not state a claim under the Eighth Amendment. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997), citing *Young v. Gray*, 560 F.2d 201, 201 (5th Cir.1977); *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir.1985).  Plaintiff has failed to establish that the defendants, or any one else, were indifferent to his condition. His complaint should be dismissed for failing to state a claim for which relief may be granted.

### 3. Defendants

Plaintiff has not sued any of the health care professionals that examined and provided treatment. Instead, he sued the East Carroll Parish Sheriff's Department and two of the prisons where he was confined.  With regard to his suit against the prisons, Fed.R.Civ.P. Rule 17(b)

5

provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether the RBD or the BMCC have the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24.

Plaintiff also sued the East Carroll Parish Sheriff's Dept.  "It is well settled ... that a Sheriff's Department is not a legal entity capable of being sued." *Valentine v. Bonneville Ins. Co.*, 691 So.2d 665, 668 (La.1997) (citations omitted). Indeed, "the law of Louisiana affords no legal status to the 'Parish Sheriff's Department' so that the department can sue or be sued, such status being reserved for the Sheriff." *Id.* See also *George v. Wilson*, 2000 WL 521450 (E.D.La.4/28/00); *Manieri v. Layirrison*, 2001 WL 25657 (E.D.La.1/9/01); *Liberty Mut. Ins. Co. v. Grant Parish Sheriff's Dept.*, 350 So.2d 236 (La.App. 3 Cir.1977).

In other words, none of the named defendants are juridical persons and therefore plaintiff's claims against these  defendants must be dismissed as frivolous.

### Conclusion and Recommendation

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation

6

to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** ***See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

In Chambers, Monroe, Louisiana, December 22, 2015.

_____

**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**